**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| TIMMEKA HARRIS-REESE, Individually and as Parent and Next Friend of Z.R., and DOUGLAS M. REESE, JR., Individually and As Parent and Next Friend of Z.R., | * * | |
| Plaintiffs, | * | Civil Action No. TDC 19-1971 |
| v. | * | |
| | * | |
| UNITED STATES OFAMERICA, et al., | | |
| | * | |
| Defendants. | | |

\* \* \*

**OPINION AND ORDER**

Pending now before the Court is Plaintiffs' "Motion to Compel Discovery" ("Motion") (ECF No. 39), specifically documents withheld as privileged by the Defendant United States of America ("Defendant"). The issues surrounding these documents have been fully briefed and argued.  (ECF Nos. 39, 46, 48, 51, 52, 56, 67, 77, 93).  For the reasons set forth below, the Court finds that the Motion is DENIED as to certain documents listed in the Defendant's privilege log.

**I.      PROCEDURAL BACKGROUND**

This case involves allegations of medical malpractice committed by one or more Walter Reed National Military Medical Center ("WRNMMC") physicians during a surgical procedure performed on Minor Z.R. on September 13, 2016. The Complaint alleges that the physicians' negligence caused Z.R.'s brain to be deprived of oxygen, which ultimately led Z.R. to suffer a "severe and permanently disabling anoxic brain injury with resulting seizure disorder." (ECF No. 1).  The Complaint also alleged that the physicians, Defendant's agents, failed to sufficiently inform Z.R.'s parents about the risks and possible adverse consequences of the surgical procedure. (*Id.*).

In response to Plaintiffs' discovery requests, Defendant has withheld certain documents on the basis of the medical quality assurance privilege found in 10 U.S.C. § 1102 *et seq.* ("the Statute"). Plaintiffs contend that the Defendant has baselessly asserted quality assurance privilege for documents that are, in fact, discoverable. (Motion, p. 1).

To support its assertion of privilege, Defendant avers that WRNMMC is a military treatment facility that is part of the Department of Defense and subject to the Statute. (ECF No. 46-1). In addition, the Defendant provided privilege logs to Plaintiffs. (ECF Nos. 39-6, 91-2). Defendant's most recent privilege log identifies twenty-nine documents as being withheld pursuant to the medical quality assurance privilege. (ECF No. 91-2). Plaintiffs continue to assert that this privilege log is insufficiently particular as it relates to certain documents, and also that Defendant has failed to provide sufficient evidence to support the privilege claimed. (Motion, pp. 20-21; ECF Nos. 67, 83).

During a hearing held on December 10, 2020, Plaintiffs made clear that they have withdrawn their objections to Defendant's claims of privilege over the following items on the privilege log: 1-4, 19-25. (ECF Nos. 93, 97). Accordingly, this Order addresses only the following items over which Defendant asserts privilege: 5, 6, 6a, 7-11, 14-17, 17a, 18, 18a, 18b ("Contested Items").

For the reasons articulated on the record by this Court during the December 10, 2020 hearing, the Court found that an *in camera* review of the Contested Items was appropriate. (ECF No. 93). On December 24, 2020 and January 13, 2021 Defendant provided the Court with all of the Contested Items on the privilege log for an *in camera* review. (ECF No. 107).

## II.     LEGAL STANDARDS

### A.  Medical Peer Review Privilege

Pursuant to 10 U.S.C. § 1102(a), medical quality assurance records that are created "by or for the Department of Defense as part of a medical quality assurance program are confidential and privileged," and are prohibited from disclosure.

In addition, a "medical quality assurance record" is defined as "the proceedings, records, minutes, and reports that emanate from quality assurance program activities," and are "compiled . . . as part of the medical quality assurance program."  10 U.S.C. § 1102(j)(2).  Moreover, a "medical quality assurance program" is defined as:

> any peer review activity carried out . . . by or for the Department of Defense to assess the quality of medical care, including activities conducted by individuals . . . or other review bodies responsible for quality assurance . . . patient care assessment . . . and identification and prevention of medical or dental incidents and risks.

10 U.S.C. § 1102(j)(1).  Furthermore, "peer review" includes "any assessment of the quality of medical care carried out by a health care professional," and includes "any patient safety program root cause analysis."  10 U.S.C. § 1102(j)(4)

Finally, Section 1102(b) provides that "[n]o part of any medical quality assurance record described in subsection (a) may be subject to discovery or admitted into evidence in any judicial … proceeding, except as provided in subsection (c)."[1]

### B.  Privilege Assertions — Privilege Log

A party withholding discoverable documents based on an assertion of privilege has a duty to particularize the claim, which typically is done via a privilege log.  *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 264-65 (D. Md. 2008).  The privilege log should identify

---

[1] None of the exceptions apply to this case.  Also applicable here are regulations issued by the Secretary of Defense, which mirror the language in 10 U.S.C. § 1102.  *See, e.g.,* DodM 6025.13 (Oct. 29, 2013).

"each document withheld, information regarding the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter." *Victor Stanley*, *supra*, at 264 (internal citation omitted); *see also* Fed. R. Civ. P. 26(b)(5)(A)(ii) (description required of the nature of the documents not produced that enables the opposing party to assess the claim).  After this is done, if the opposing party still challenges the sufficiency of the assertion of privilege, the party claiming privilege "bears the burden of establishing an evidentiary basis by affidavit, deposition transcript, or **other evidence** for each element of each privilege/protection claimed . . . 250 F.R.D. at 267 (emphasis supplied).

### III.    ANALYSIS

The Contested Items, which have been provided to the Court for its *in camera* review, consist of emails. The Court has completed its review and finds that the Contested Items are privileged medical quality assurance records and should not be produced by the Defendant.

First, the Defendant has produced a privilege log that is sufficiently particular and is consistent with the law. The privilege log identifies the date/time of creation or transmission of each document withheld, its author, its recipients, a summary description of the contents of the document, and the privilege asserted.

Second, the WRNMMC is a military treatment facility that is part of the Department of Defense subject to the Statute.

Third, to further support its privilege assertion, the Defendant submitted the declaration of Dina Bernstein, Associate General Counsel, Defense Health Agency.  (ECF No. 46-1).  Ms. Bernstein's declaration outlines the quality assurance and peer review process that applies to facilities like WRNMMC.  Ms. Bernstein reviewed the Contested Items, and clearly described the

quality assurance and peer review activity conducted, which consisted of reviews, investigation, and analysis performed by Risk Management, Patient Safety, and the Anesthesia and ENT Departments of the medical facility where the surgery occurred.  (*Id.*).  The Court's review of the Contested Items and declaration confirms that a quality assurance/peer review investigation commenced following Z.R.'s surgical procedure.  The Contested Items are email records that were compiled as part of a quality assurance investigation of Z.R.'s case and emanated from those quality assurance activities.  The Contested Items are those that would be generated and compiled to identify and prevent medical risks, do a root cause analysis, and assess the quality of care.  Thus, I am satisfied that Defendant has met its burden of demonstrating that the quality assurance privilege applies to the Contested Items.

### IV.    CONCLUSION

In sum, because the Contested Items captured in the privilege log documents are medical quality assurance records, they are privileged and confidential and the Defendant is not required to produce them.  Accordingly, Plaintiffs' Motion, ECF No. 39, is DENIED as to the Contested Items.[2]

Dated:  February 5, 2021                          _____/s/_____
                                                  The Honorable Gina L. Simms
                                                  United States Magistrate Judge

---

[2] Separately, this Court will address Plaintiffs' objections to Contested Items 12-13 on the privilege log, which are related to Dr. Peter Willett.

In addition, to the extent that a question still remains about the appropriateness of Defendant's invocation of the medical quality assurance privilege at depositions conducted already, the Court finds that none of the exceptions allowing testimony about these medical quality assurance records applies.  *See* 10 U.S.C. §§ 1102(c)(A) though (G).