# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

TIMMEKA HARRIS-REESE, *Individually and as Parent and Next Friend of Z.R.*, and DOUGLAS M. REESE, JR., *Individually and as Parent and Next Friend of Z.R.*,

        Plaintiffs,

        v.

UNITED STATES OF AMERICA,

        Defendant.

Civil Action No. TDC-19-1971

## MEMORANDUM ORDER

Presently pending before the Court is the Objection to the Magistrate Judge's Denial of Plaintiffs' Motion to Compel, ECF No. 128, filed by Plaintiffs Timmeka Harris-Reese and Douglas M. Reese, Jr. pursuant to Federal Rule of Civil Procedure 72. Plaintiffs object to an April 20, 2021 Order, ECF No. 125, issued by United States Magistrate Judge Gina L. Simms memorializing her April 15, 2021 oral ruling denying Plaintiffs' Renewed Motion to Compel Discovery and for Sanctions ("Renewed Motion to Compel"), ECF No. 99. Defendant United States of America ("the Government") opposes the Objection.

## BACKGROUND

In this case, Plaintiffs allege medical malpractice in the care of their minor child Z.R. at the Walter Reed National Military Medical Center ("WRNMMC"), including allegations of malpractice by anesthesiologists Dr. Christine Gerbstadt and Dr. Peter Willett. In his March 4, 2020 deposition, Dr. Willett testified that soon after the September 13, 2016 surgery that resulted in the injuries to Z.R., he wrote an email to himself with his recollections of the procedure. Dr.

  
Willett stated that he wrote the email, which consisted of a "narrative of events," because he wanted notes to "help jog his memory depending on how long things were going to take," and writing up notes "was something as a medical trainee we were advised to do if we had a case that had a not very good outcome." Willett Dep. at 47, 49, Mot Compel. Ex. 1 at 3, 4, ECF No. 39-3. Dr. Willett was asked by Plaintiffs' counsel to retrieve the email for possible production.

On April 14, 2020, Dr. Willett informed Government counsel by email that upon examining his email records, he discovered that his recollection was incorrect and that the email he had written was a September 16, 2016 email to Dr. Gerbstadt ("the Gerbstadt Email"), to which he had attached a Word document containing his recollections from the September 13 procedure ("the Recollection of Events"). Dr. Willett further stated that he had sent the email to Dr. Gerbstadt "as we were discussing M&M [Mortality and Morbidity review]," but he had not expressly labeled it as "M&M." ECF No. 120. He noted that he sent the email after he and Dr. Gerbstadt had already met for a "safety meeting" and while they were in the process of building a "slide deck for M&M." *Id.* Dr. Willett included the Gerbstadt Email and the Recollection of Events in his email to Government counsel.

After review, the Government claimed privilege over the Gerbstadt Email and the Recollection of Events pursuant to 10 U.S.C. § 1102, which states that "[m]edical quality assurance records created by or for the Department of Defense ("DOD") as part of a medical quality assurance program are confidential and privileged" and that such records are not subject to disclosure except under limited circumstances not applicable here. § 1102(a); *see generally* 10 U.S.C. § 1102(c) (listing the exceptions allowing for disclosure). Section 1102 defines a "medical quality assurance program" as:

> [A]ny peer review activity carried out ... by or for the Department of Defense to assess the quality of medical care, including activities conducted by individuals,

military medical or dental treatment facility committees, or other review bodies responsible for quality assurance, credentials, infection control, patient care assessment . . . , medical records, health resources management review and identification and prevention of medical or dental incidents and risks.

§ 1102(j)(1). A "medical quality assurance record" is defined as "the proceedings, records, minutes, and reports that emanate from quality assurance program activities described in [§ 1102(j)(1)] and are produced or compiled by the Department of Defense as part of a medical quality assurance program." § 1102(j)(2).

On July 16, 2020, Plaintiffs filed a Motion to Compel in which, among other things, they challenged the Government's assertion of privilege over the Gerbstadt Email and the Recollection of Events, arguing that neither fell within the scope of § 1102 because neither "emanated from" a medical quality assurance program. Mot. Compel at 6, ECF No. 39. Plaintiffs also argued that because the Government's privilege log contradicted Dr. Willett's sworn deposition testimony that he had sent an email to himself containing a narrative of events, not an email to Dr. Gerbstadt, the Gerbstadt Email and the Recollection of Events must be produced as impeachment material.

In opposing the Motion to Compel, the Government submitted a Declaration by Dina Bernstein, Associate General Counsel for the Defense Health Agency ("the Bernstein Declaration"), in which Bernstein stated that various items in the Government's privilege log, including the Gerbstadt Email and the Recollection of Events, were created as part of the DOD's Quality Assurance ("QA") program that included an M&M presentation, and, more specifically, that the Gerbstadt Email and the Recollection of Events related to a QA presentation within WRNMMC's Anesthesia Department.

On August 25, 2020, in advance of a discovery hearing later that same day, the Government produced to Judge Simms *ex parte* the April 14, 2020 email from Dr. Willett to Government counsel, as well as the Gerbstadt Email and the Recollection of Events. At a subsequent discovery

hearing on December 10, 2020, Judge Simms stated that she had learned that the Government had

not properly informed Plaintiffs of its August 25, 2020 *ex parte* submission, in violation of Federal

Rule of Civil Procedure 26(b)(5), and accordingly imposed as a sanction pursuant to Rule 37(b)(2)

the requirement that the Government produce to Plaintiffs Dr. Willett's April 14, 2020 to

Government counsel. Judge Simms held the matter in abeyance for Plaintiffs to consider whether

to continue to seek the Gerbstadt Email and Recollection of Events in light of the April 14, 2020

email. Judge Simms also ordered the Government to submit for *in camera* review all relevant

items on its privilege log.

On December 23, 2020, Plaintiffs filed a Renewed Motion to Compel ("the Renewed

Motion"), ECF No. 99, providing further argument as to why the Gerbstadt Email and the

Recollection of Events should be produced. In particular, Plaintiffs asserted that Dr. Willett's

provision of the Gerbstadt Email and the Recollection of Events to Government counsel was part

of an "orchestrated effort to persuade" Plaintiffs and the Court that the email to himself, which Dr.

Willett had described in his deposition, did not actually exist. Renewed Mot. Compel at 3-4, ECF

No. 99. Plaintiffs thus argued that the Government must be required to produce a forensic log of

Dr. Willett's emails to establish conclusively whether there was a "Willett-to-Willett" email. *Id.*

at 4.

In opposing the Renewed Motion, the Government submitted a declaration from Dr. Willett

("the Willett Declaration") in which he stated that after his March 4, 2020 deposition, he reviewed

his incoming and outgoing emails for correspondence about Z.R.'s surgery and found only the

Gerbstadt Email, which he sent at 2:17 p.m. on September 16, 2016. Dr. Willett provided

screenshots of his email inbox and sent box for the relevant time period, which were consistent

with the statements in the Willett Declaration. Dr. Willett asserted that at the time he sent the

email to Dr. Gerbstadt, the surgery team had already met for a safety meeting related to Z.R.'s operation, and that he and Dr. Gerbstadt were in the process of "building our slide deck for M&M." Willett Decl. ¶ 6, Opp'n Renewed Mot. Ex. 1, ECF No. 101-1.   Dr. Willett also submitted screenshots reflecting that the original Microsoft Word document containing the Recollection of Events that he had attached to the Gerbstadt Email was created on September 16, 2016 at 7:31 a.m. and was last modified at 2:16 p.m. that same day.   Plaintiffs subsequently submitted an affidavit from Dr. Gerbstadt ("the Gerbstadt Affidavit") in which she stated that she never asked Dr. Willett to prepare or send her a written summary of events related to Z.R.'s surgery, and that at no point did she see such a written summary from Dr. Willett.

On April 15, 2021, after review of the Gerbstadt Email and the Recollection of Events, as well as the other documents listed in the Government's privilege log, Judge Simms held another discovery hearing at which she denied Plaintiffs' Renewed Motion to Compel, finding that the Gerbstadt Email and the Recollection of Events were covered by the § 1102 privilege.   In making that determination, Judge Simms considered the Willett Declaration and its accompanying exhibits, as well as the Gerbstadt Affidavit, concluded that there was no need for a more extensive forensic audit trail, and found that there was no evidence establishing the existence of any Willett-to-Willett email.   Judge Simms memorialized her ruling in an April 20, 2021 Order, to which Plaintiffs have filed their Objection.

## DISCUSSION

Plaintiffs contend that the magistrate judge erred in denying the Renewed Motion to Compel.   Although Plaintiffs technically challenge the recognition of the § 1102 privilege as to both the Gerbstadt Email and the Recollection of Events, their primary concern here is the inclusion within the § 1102 privilege of the Recollection of Events.   Plaintiffs emphasize that in

5

his deposition, Dr. Willett testified that soon after Z.R.'s surgery, he composed an email to himself detailing his recollection of the procedure, and they argue that this sworn testimony establishes that, as a document produced for himself, the Recollection of Events is not a proceeding, record, minute, or report emanating from a DOD quality assurance program and thus falls outside the scope of the § 1102 privilege. *See* 10 U.S.C. § 1102(j)(2). They further argue that the only evidence placing this document within the privilege as part of the QA process is the Willett Declaration, labeled by Plaintiffs as a "sham affidavit," Obj. at 2, ECF No. 128, which provides a timeline that is contradicted by Dr. Willett's deposition testimony and by the Gerbstadt Affidavit, in which Dr. Gerbstadt asserts that she never asked for and never reviewed any written summary of events by Dr. Willett.

A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Here, the dispute is on a non-dispositive matter, and Plaintiffs' Objection was timely filed, so the Court applies the Rule 72(a) standard. *See id.* On the issue of clear error, "[a] district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). This standard is intentionally high because a lower standard would defeat the efficiency gains made from referring non-dispositive issues to a magistrate judge. "It is not the function of objections to discovery rulings to allow wholesale re-litigation of issues resolved by the magistrate judge." *Berman v. Congr. Towers L.P.*, 325 F. Supp. 2d 590, 592 (D. Md. 2004).

Here, the Court has reviewed the submitted materials, including the record of the proceedings before the magistrate judge and the relevant documents referenced in the Government's privilege log that were submitted *in camera*. Based on that review, the Court is not

6

left with a definite and firm conviction that a mistake has been made on the facts or the law. Instead, that review reveals that it was permissible to draw the inference that the Gerbstadt Email and the Recollection of Events were created as part of WRNMMC's QA process in response to Z.R.'s surgery and after the QA process was already underway.

In enacting § 1102, Congress was concerned with creating an "environment of confidentiality" in the QA "collegial review process" because such confidentiality was critical to ensuring "candid appraisals and evaluations of fellow professionals." *In re United States*, 864 F.2d 1153, 1154 (5th Cir. 1989) (quoting S. Rep. No. 331, *as reprinted in* 1986 U.S.C.C.A.N. 6413, 6440)). Here, consideration of Dr. Willett's deposition testimony, the Willett Declaration, and the attachments to the Willett Declaration allow for the conclusion that Dr. Willett drafted the Recollection of Events on September 16, 2016 shortly before he sent the Gerbstadt Email, and that it was drafted as part of preparation for QA and M&M activities. Although Plaintiffs focus on Dr. Willett's deposition testimony that he wrote the Recollection of Events to assist with his own recollection of events and sent it by email to himself, the screen shots and time stamps showing no evidence of a Willett-to-Willett email to which the Recollection of Events was attached, and that the Recollection of Events was first created on September 16, 2016, the same date as the Gerbstadt Email, support Dr. Willett's conclusion that his deposition testimony was mistaken and that he actually sent the Recollection of Events with the Gerbstadt Email, not as part of an email to himself. In turn, where the entries in the privilege log as well as the contents of documents referenced in the privilege log and reviewed *in camera* show that QA activities had already begun as early as September 15, 2016, there is a reasonable basis to conclude that Dr. Willett created the Recollection of Events to assist with the M&M analysis and QA process, such that the Recollection of Events was privileged as a "medical quality assurance record created by" DOD "as part of a

7

medical quality assurance program," in that it is a record that "emanate[s] from quality assurance activities" and was "produced . . . as part of a medical quality assurance program." 10 U.S.C. §§ 1102(a), (j). This conclusion is bolstered by the Bernstein Declaration, which confirms that in the case of Z.R., "extensive quality/peer review investigative activities were undertaken," including investigations by the Risk Management Department and the Patient Safety Department, quality reviews by the Anesthesia Department and the Ear, Nose, and Throat Departments, and QA and M&M presentations.

In light of this record, the Court finds Plaintiffs' arguments that the magistrate judge clearly erred to be unpersuasive. Plaintiffs' argue that in light of Dr. Willett's deposition testimony, the Willett Declaration was a "sham affidavit" that cannot be relied upon. Obj. at 2. The sham affidavit doctrine is a narrow one, applying only when inconsistencies between a party's deposition testimony and a later affidavit are "clear and unambiguous." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009). A party is "not precluded from elaborating upon, explaining or clarifying prior testimony, and minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit." *Id.* at 999. Here, the magistrate judge could fairly accept, and was not bound to reject, Dr. Willett's clarification of his deposition testimony, particularly when his accounts were largely consistent on the nature of the Recollection of Events, he explained that a review of records had shown that he had testified in error about to whom the Recollection of Events was sent, and the documentary evidence he submitted supported his revised account as stated in the Willett Declaration. Plaintiffs' insistence that the magistrate judge had to reject the Willett Declaration as inconsistent with the deposition testimony or the Gerbstadt Affidavit, in which Dr. Gerbstadt stated that she never asked for or saw the Recollection of Events, rings hollow where the magistrate judge gave

8

Plaintiffs the opportunity to re-depose Dr. Willett on these issues, but they declined. Thus, the magistrate judge's decision to accept the account in the Willett Declaration as corroborated by the submitted records and to find the Gerbstadt Email and the Recollection of Events privileged under 10 U.S.C. § 1102(a) was not clearly erroneous or contrary to law. Likewise to the extent that Plaintiffs argue that these documents must be produced as impeachment material, the Court finds this argument unpersuasive where Plaintiffs were offered, but declined, the opportunity to conduct a second deposition of Dr. Willett.

Lastly, Plaintiffs' criticism of the magistrate judge's process in resolving the Motion to Compel and the Renewed Motion to Compel provides no basis to overturn the ultimate determination. Courts "have broad discretion in their resolution of discovery problems that arise in cases pending before them." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (citation omitted). The process toward resolution of this issue, while lengthy, afforded Plaintiffs multiple opportunities to brief the matter, access to an otherwise privileged communication sent by the Government to the Court *ex parte* in August 2020, an opportunity to re-depose Dr. Willett, and an opportunity to submit additional evidence, such as the Gerbstadt Affidavit. Although the magistrate judge denied the request for a forensic audit trail, that decision was reasonable in light of the submission of other records showing dates and times relating to the key documents. Under these circumstances, and where this Court has reviewed the record on this matter, including conducting its own *in camera* review of the relevant documents in the Government's privilege log, the Court does not find a basis to sustain Plaintiffs' Objection.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Rule 72 Objection to the

Magistrate Judge's Denial of Plaintiffs' Motion to Compel, ECF No. 128, is OVERRULED.


Date:  August 24, 2021

THEODORE D. CHUANG
United States District Judge