**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

|  |  |
|---|---|
| TIMMEKA HARRIS-REESE, *Individually and as Parent and Next Friend of Z.R.*, and DOUGLAS M. REESE, JR., *Individually and as Parent and Next Friend of Z.R.*, |  |
| Plaintiffs, |  |
| v. | Civil Action No. TDC-19-1971 |
| UNITED STATES OF AMERICA, |  |
| Defendant. |  |

**MEMORANDUM OPINION**

Plaintiffs Timmeka Harris-Reese and Douglas M. Reese, Jr. filed suit against Defendant the United States of America ("the Government") asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80 (2018), based on allegedly negligent medical treatment during surgery performed on their minor child Z.R. at the Walter Reed National Military Medical Center ("WRNMMC") in Bethesda, Maryland. Pending before the Court is a Motion to Intervene filed by Donald L. Mooney Enterprises, LLC ("Mooney"). The Government opposes the Motion. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED, and Mooney will be added as an Intervenor in this action.

**BACKGROUND**

In the Complaint, Plaintiffs assert negligence by the anesthesiologists who participated in surgery on Z.R., including Dr. Christine Gerbstadt. As relevant here, Dr. Gerbstadt worked at WRNMMC pursuant to a contract between her company, The Anesthesia Experts, Inc., and

Mooney, a company which recommends interested and qualified doctors to United States Department of Defense facilities pursuant to a federal procurement contract.

On July 24, 2020, the Government filed a Third-Party Complaint against Dr. Gerbstadt, The Anesthesia Experts, Inc., and Mooney, asserting claims for contribution and indemnification, which it later amended. On December 11, 2020, Mooney filed a Motion to Dismiss the Amended Third-Party Complaint, asserting that this Court did not have jurisdiction over the Government's contribution and indemnification claims because those claims stemmed from a government contract, and the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–09 (2018), gives the United States Court of Federal Claims exclusive jurisdiction over the resolution of any dispute relating to a federal government contract. In that motion, Mooney stated that if it succeeded in securing dismissal as a Third-Party Defendant, it would nevertheless seek to intervene in the underlying FTCA suit to protect its interests. Before resolution of that motion, on April 16, 2021, the Government voluntarily dismissed without prejudice its Amended Third-Party Complaint. After filing a May 27, 2021 Notice of Intent to File a Motion to Intervene, Mooney filed the present Motion to Intervene on June 3, 2021.

## DISCUSSION

In its Motion, Mooney seeks to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, for permissive intervention pursuant to Rule 24(b). Mooney argues that intervention is necessary to allow it to protect its interests, in particular, to counter assertions by Plaintiffs or the Government that any negligence was the responsibility of Dr. Gerbstadt, and that she was not acting in the scope of federal employment at the relevant times, as required for liability under the FTCA. The Government argues that intervention is improper

2

because the Court has no jurisdiction over Mooney's claims in light of the CDA and that the relevant factors for intervention do not favor Mooney. Plaintiffs take no position on the Motion.

## I.    Jurisdiction

As an initial matter, the Government, adopting a version of the arguments advanced by Mooney in its Motion to Dismiss the Amended Third-Party Complaint, contends that Mooney cannot intervene in this action because the Court lacks jurisdiction over Mooney, its "claims and defenses," and "procurement contract related matters" because those issues fall within the exclusive jurisdiction of the United States Court of Federal Claims. Opp'n at 1-4, ECF No. 142. *See* 28 U.S.C. § 1491(a)(1) (2018) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract with the United States . . ."); *United States v. J.& E Salvage Co.*, 55 F.3d 985, 987 (4th Cir. 1995) ("The review procedures under the CDA are exclusive of jurisdiction in any other forum").

The Government, however, fails to recognize that Mooney is differently situated than it was as a Third-Party Defendant. Mooney has clarified that it does not seek to intervene to assert any claims against the Government arising from its procurement contract, nor does it seek to have the Court adjudicate the Government's indemnification and contribution claims originally asserted in the Amended Third-Party Complaint, or to place at issue the scope and meaning of the terms of the contract between Mooney and the Government. Mooney instead seeks to intervene for the more limited purpose of defending against claims that Dr. Gerbstadt, while not acting in the scope of federal employment, engaged in medical negligence, an issue of tort liability distinct from the specifics of any government contract and outside the exclusive jurisdiction of the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have

jurisdiction to render judgment upon any claim against the United States ... for liquidated or unliquidated damages in cases not sounding in tort.").

Although the Government further argues that Mooney must "establish an independent basis for subject matter jurisdiction" in order to intervene, Opp'n at 3, that broad principle, aimed at preventing intervenors from destroying diversity jurisdiction or advancing state law claims over which there is no federal jurisdiction, does not apply where, as here, the Court already has federal question jurisdiction over this case, and Mooney does not seek to advance any new claims. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843-44 (9th Cir. 2011) ("[T]he independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims."). The Court thus finds that to the extent that Mooney seeks to intervene solely to protect its interests as to the pending tort claim, there is no jurisdictional bar to intervention.

## II.    Intervention

Mooney seeks intervention as of right under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, permissive intervention under Rule 24(b).

A party may intervene as of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The United States Court of Appeals for the Fourth Circuit has interpreted this language to require a party seeking to intervene as of right to meet four requirements: "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the

4

applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co v. Moore*, 193 F. 3d 838, 839 (4th Cir. 1999). The third factor requires a showing that denial of the motion would result in the "[p]ractical impairment" of the movant's ability to protect its interest. *Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986). As to the fourth factor, a movant must demonstrate "adversity of interest, collusion, or nonfeasance." *Virginia v. Westinghouse Elec. Co.*, 542 F. 2d 214, 216 (4th Cir. 1976). The "burden of showing an inadequacy of representation is minimal." *Id.* Here, there is no dispute that the second factor is satisfied. The dispute relates to the first, third, and fourth factors.

As to the first factor, in assessing the timeliness of a motion to intervene, courts consider "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. Envtl. Prot. Agency*, 758 F.3d 588, 591 (4th Cir. 2014). The Government asserts that Mooney's Motion to Intervene is untimely because it was filed only three months before the scheduled end of discovery, which would be unduly prejudicial to the Government in light of the extensive discovery in this case, and that Mooney had no excuse for not filing earlier. While the Government is correct that Mooney's Motion comes late in the case, Mooney has expressly stated that it has no intention of interfering with the existing discovery schedule, so any prejudice that might arise from Mooney's late addition is mitigated. Nor is the Court persuaded by the argument that the Motion was untimely. The Government brought Mooney into this case as a Third-Party Defendant in July 2020, and Mooney remained in the case in that capacity until the Government's April 16, 2021 voluntary dismissal of its Third-Party Amended Complaint. Up to that point, there was no need or basis to file a Motion to Intervene. On May 27, 2021, just over a month later, Mooney filed its Notice of Intent to File a Motion to Intervene. The Motion could not have come as a surprise to

5

the Government, as Mooney had stated in its December 11, 2020 brief on its Motion to Dismiss the Amended Third-Party Complaint that it would seek to intervene if it was dismissed a Third-Party Defendant.  Where Mooney does not seek to alter the course of discovery, and it sought intervention soon after it was dismissed as a Third-Party Defendant, the Court finds that the Motion to Intervene was timely.

As to the third factor, Mooney asserts that it has a protectable interest in ensuring that there is no finding of medical negligence on the part of Dr. Gerbstadt, a finding that would expose it to a claim for indemnification by the Government for any ensuing damages.  The Government argues that such an interest is not a protectable one because it is contingent, in that a finding of negligence by Dr. Gerbstadt would not, in and of itself, impose a direct legal obligation on Mooney to indemnify the Government.  Rather, the Government contends, the existence and scope of any such indemnification obligation would be determined through the procedures set forth in the CDA.  In advancing this argument, the Government relies on *Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991), which it characterizes as requiring that a party seeking intervention demonstrate that the party "stands to gain or lose by the direct legal operation of the district court's judgment" in order to establish a protectable interest.  Opp'n at 7 (quoting *Teague*, 931 F.2d at 261).  In seeking to find in *Teague* a stringent test that a party seeking intervention must have an actual, rather than contingent, interest in the outcome of the case, the Government takes this language out of context.  In *Teague*, the district court denied a motion to intervene by class action plaintiffs in a separate case in which the insurer for the class action defendants was seeking a declaratory judgment that it owed no obligation under its policy to cover the class action claims, in part because the class action plaintiffs had not yet obtained a judgment on their claims, so their interest in the declaratory judgment action was not "sufficiently significant" to warrant intervention.  *Id.* at 260-61.  The

6

Fourth Circuit then considered the question whether "an interest contingent upon the outcome of other pending litigation constitutes a 'significantly protectable interest'" that could support intervention. *Id.* at 261. After noting that there was "much disagreement" among courts on this issue, the Fourth Circuit aligned itself with courts recognizing contingent interests as protectable through intervention, noting that such courts have allowed intervention "in a dispute between an insurer and its insured even when the intervenor's interest is contingent on the outcome of other litigation," and reversed the district court's denial of the motion to intervene. *Id.* Thus, although the court noted that the class action plaintiffs, who had by then secured a judgment against the class action defendants, "stand to lose or gain by the direct legal operation of the district court's judgment" in the declaratory judgment action, it expressly adopted a broad view of the interests that could be protected through intervention, to include interests contingent on the outcome of other litigation. *See id.*

Here, although Mooney does not presently have an obligation to indemnify the Government for damages arising from any negligence by Dr. Gerbstadt, and that issue would need to be resolved in future litigation under the CDA in another forum, Mooney plainly has a contingent interest in the present case that can support intervention. *See id.* If Plaintiffs or the Government are successful in establishing that Dr. Gerbstadt was negligent in her care of Z.R., or the Government is successful in establishing that Dr. Gerbstadt was not acting within the scope of federal employment, Mooney's ability to defend against an indemnification action brought by the Government would be significantly undermined. Where the Government has already sought to pursue such an action within the present case, it is a virtual certainty that it would do so in the Court of Federal Claims upon such adverse findings. The Court therefore concludes that Mooney has a protectable interest that would be impaired by the denial of intervention.

7

Turning to the fourth factor, adversity of interest with the existing parties, Mooney argues that its interests are not adequately represented because, although it is aligned with the Government on the goal of establishing a lack of any medical negligence, their interests diverge because the Government is likely to pursue the additional argument that, to the extent there was any medical negligence, it was by Dr. Gerbstadt, whom they will disclaim as a federal employee covered by the FTCA. The Government does not challenge this assessment of the interests but asserts that to the extent Mooney's interests misalign with those of the Government, they then align with those of Plaintiffs, who, the Government argues, have an interest in establishing that Dr. Gerbstadt was an employee covered by the FTCA, rather than an agent of Mooney.

Even if Plaintiffs and Mooney share this interest, they diverge on the issues of whether there was medical negligence generally and by Dr. Gerbstadt specifically. "[W]hen a party to an existing suit is obligated to serve two distinct interests, which, although related, are not identical, another with one of those interests should be entitled to intervene." *United Guar. Residential Ins. Co. of Iowa v. Phila. Sav. Fund Soc'y*, 819 F.2d 473, 475 (4th Cir. 1987) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538–39 (1972)). Though Mooney has certain aligned interests with both sides in this case, both Plaintiffs and the Government have distinct goals in this case that differ from those of Mooney, and no existing party has an unqualified interest in establishing that Dr. Gerbstadt was not negligent in her care of Z.R. The Court therefore finds that in light of such shifting alignment of interests, Mooney's interests are not adequately represented. Particularly where the "burden of showing an inadequacy of representation is minimal," *Virginia*, 542 F.2d at 216, the Court concludes that Mooney has satisfied the fourth requirement for intervention as of right. With all four requirements established, the Court finds that Mooney is entitled to intervention as of right.

Alternatively, the Court finds that Mooney has satisfied the elements of permissive intervention. Permissive intervention is warranted where the movant "has a claim or defense that shares with the main action a common question of law or fact" and where intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (3). Mooney's defenses against future claims include that there was no medical negligence in the treatment of Z.R., and that even if there were such negligence, it was not by Dr. Gerbstadt. Where these questions, particularly whether Dr. Gerbstadt acted negligently, are squarely at issue in the present case, the requirement of a common question of law or fact is satisfied. As discussed above, where Mooney does not seek to extend discovery, intervention would not result in undue delay or prejudice. The Court will therefore grant permissive intervention as well.

Because the Court finds that both intervention as of right and permissive intervention are warranted, the Court will grant the Motion to Intervene.

### III.    Rule 24(c)

Lastly, the Government argues that Mooney's Motion to Intervene should be denied for failure to comply with the requirement that a motion to intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Despite the language of Rule 24(c), intervention may be appropriate in circumstances when the intervenor does not seek to litigate a new legal claim or defense. *See EEOC v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[W]e have eschewed strict readings of the phrase 'claim or defense,' allowing intervention even in situations where the existence of any nominate 'claim' or 'defense' is difficult to find." (citation omitted)); *see also Freedom from Religion Found.*, 644 F.3d at 843 (finding no independent jurisdictional requirement when "the proposed intervenor is

9

not raising new claims"). Here, Mooney seeks to enter this case to defend against claims that Dr. Gerbstadt engaged in negligence, a posture that injects no new claims into the case, and its positions are clearly established in the briefs on the present and previous motions. The Court therefore concludes that Mooney's failure to file a pleading with its Motion is a non-prejudicial technical defect that does not warrant denial of the Motion for failure to strictly comply with Rule 24(c). *See Spring Constr. Co. v. Harris*, 614 F.2d 374, 376–77 (4th Cir. 1980); *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1093 (8th Cir. 1988) (noting that "lenience" as to the requirements of Rule 24(c) "is appropriate when the facts and allegations sufficiently apprise the parties of the relevant claim") (citing *Spring Construction*).

## CONCLUSION

For the foregoing reasons, Mooney's Motion to Intervene, ECF No. 137, will be GRANTED. A separate Order shall issue.

Date: August 31, 2021

THEODORE D. CHUANG
United States District Judge