IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| TIMMEKA HARRIS-REESE, *Individually and as Parent and Next Friend of Z.R.*, and DOUGLAS M. REESE, JR., *Individually and as Parent and Next Friend of Z.R.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> Defendant. | Civil Action No. TDC-19-1971 |

**DEFENDANT UNITED STATES OF AMERICA'S
MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE
AND TESTIMONY CONCERNING CHRISTINE GERBSTADT, M.D.'S DISCUSSIONS
WITH CYNTHIA BRANCATO REGARDING DR. GERBSTADT'S EMPLOYMENT
STATUS OR LEGAL REPRESENTATION**

Defendant, the United States of America, by and through undersigned counsel, hereby submits this Memorandum in support of its Motion in Limine to exclude evidence and testimony concerning Christine Gerbstadt, M.D.'s post-surgery discussions with Cynthia Brancato, Walter Reed National Military Medical Center ("WRNMMC"), Office of General Counsel, regarding Dr. Gerbstadt's employment status or legal representation.

**INTRODUCTION**

In the event this Court finds that Dr. Gerbstadt committed negligence in connection with Z.R.'s operation on September 13, 2016, at WRNMMC, the United States contends that is not liable because of Dr. Gerbstadt's status as a nonpersonal services contractor. *See* Df. Mot. for Partial Summary Judgment (ECF No. 168). The United States anticipates that Plaintiffs will seek to offer evidence and testimony at trial of Dr. Gerbstadt's discussions, years after the surgery, with

Cynthia Brancato to challenge Dr. Gerbstadt's employment status. *See* Pls.' Opp. to Df.'s Mot. for Partial Summary Judgment (ECF No. 171). More specifically, Plaintiffs likely will seek to offer testimony or evidence relating to telephone conversations where Dr. Gerbstadt asserts that she discussed the surgery with Ms. Brancato after Ms. Brancato supposedly assured Dr. Gerbstadt that the Government would represent her.

## ARGUMENT

Dr. Gerbstadt's post-surgery discussions with Ms. Brancato concerning Dr. Gerbstadt's employment status or legal representation are irrelevant to the issue of whether Dr. Gerbstadt was a covered employee for the purposes of the Federal Tort Claims Act ("FTCA") are unfairly prejudicial, and stand to waste judicial time and resources in an already complex and lengthy malpractice action.

By passing the FTCA, Congress waived the United States' sovereign immunity from suit for:

> Injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) (explaining that the United States is immune from suit unless it waives that immunity and consents to be sued). The FTCA waiver of immunity is strictly construed. *See Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996). Consequently, "ambiguities are resolved in favor of the sovereign." *Id.*

The FTCA provides that the remedy against the United States for "injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive . . . ," and

precludes such civil actions from being maintained against individual federal employees. 28 U.S.C. § 2679(b)(1). For FTCA purposes, an employee of the government includes "officers or employees of any federal agency" and "members of the military or naval forces of the United States." 28 U.S.C. § 2671. The term "federal agency" explicitly excludes "any contractor with the United States." *Id.* Therefore, Congress has not waived the sovereign immunity of the United States for injuries resulting from the actions of independent contractors performing work for the government. *See United States v. Orleans,* 425 U.S. 807, 814 (1976); *see also Robb,* 80 F.3d at 887 ("Congress has not waived the sovereign immunity of the United States for injuries resulting from the actions of independent contractors performing work for the government."). Congress chose not to defer the definitions of agency or employee to State common law, but "instead exempted [the United States] from liability for injury caused by employees of a contractor." *Logue v. United States*, 412 U.S. 521, 528 (1973).

The distinction between a servant or agent relationship and independent contractor turns on the "the absence of authority in the principal to control the physical conduct of the contractor in performance of the contract." *Id.* at 527. Evaluation of control necessitates a review of the contractual arrangement between the parties. *See Robb*, 80 F.3d at 893 ("we can not ignore the clear expression of intent ... to establish an independent contractor relationship"). The Fourth Circuit has considered the following factors in assessing employee versus independent contractor status in the hospital context: (1) the control of when the doctor works, how many hours he works, and the administrative details incident to his work; (2) the source of instrumentalities of the doctor's work; (3) the duration of the relationship between the parties; (4) whether the hiring party has the right to assign additional work to the doctor or to preclude the doctor from working at other facilities or for competitors; (5) the method of payment; (6) the doctor's role in hiring and paying

assistants; (7) whether the work is part of the regular business of the hiring party and how it is customarily discharged; (8) the provision of pension benefits and other employee benefits; (9) the tax treatment of the doctor's income; and (10) whether the parties believe they have created an employment relationship or an independent contractor relationship. *See Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 261 (4th Cir. 1997).

None of these factors involve the thoughts, opinions, or statements of an attorney working for the hospital. Indeed, Dr. Gerbstadt's self-interested recollection and interpretation of conversations with Ms. Brancato have no bearing on the issue of Dr. Gerbstadt's employment status. Even if this Court credited Dr. Gerbstadt's memories, Ms. Brancato's perception of Dr. Gerbstadt's status is not binding on the United States. Congress has decided when the United States waives its sovereign immunity, and those questions should be resolved in deference to the sovereign. Congress has not waived the sovereign immunity of the United States for injuries resulting from the actions of independent contractors performing work for the government.

A hospital lawyer cannot step into the shoes of Congress to waive the United States' sovereign immunity for the acts of independent contractors like Dr. Gerbstadt. As such, testimony and evidence concerning Dr. Gerbstadt's discussions with Ms. Brancato have no probative value to the issue at hand but will serve to waste judicial resources in an already lengthy and complex action and should be excluded.

## CONCLUSION

For the foregoing reasons, this Court should exclude testimony and evidence concerning Dr. Gerbstadt's discussions with Cynthia Brancato regarding Dr. Gerbstadt's employment status and legal representation.

Respectfully submitted,

        Erek L. Barron
        United States Attorney

By:    _____/s/_____/
        Rebecca A. Koch #802108
        Roann Nichols #07871
        Assistant United States Attorneys
        36 S. Charles Street, 4th Floor
        Baltimore, MD 21201
        Telephone: (301) 344-4233
        Facsimile: (410) 962-2310
        rebecca.koch@usdoj.gov
        Roann.Nichols@usdoj.gov
        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February 2022, a copy of the foregoing Memorandum in Support of Defendant's Motion in Limine was submitted electronically to:

Robert R. Michael
Gregory K. Wells
Andrew J. Hall
Shadoan, Michael & Wells, LLP
108 Park Avenue
Rockville, Maryland 20850
*Attorneys for Plaintiff*

Joseph H. Ostad
401 E. Pratt Street, Suite 2233
Baltimore, MD 21202
*Attorney for Plaintiff*

William F. Savarino
Joshua D. Schnell
Cordatis LLP
1011 Arlington Boulevard, Suite 375
Arlington, VA 22209
*Attorneys for Intervenor*

                                        /s/
                                        Roann Nichols