IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HARRIS-REESE, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | Civil Action No. TDC 19-1971 |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | ****** | |

**MEMORANDUM OPINION**

Pending now in front of this Court is a "Petition for Attorney Fees and Costs" filed by Plaintiffs Timmeka Harris-Reese, and Douglas M. Reese, Jr. ("Plaintiffs"). (ECF Nos. 131, 131-1, 131-2). The Defendant, United States of America ("Defendant"), filed an opposition. (ECF No. 134). I believe that the issues have been fully briefed, and do not believe that a hearing is necessary. Local Rule 105.6. (D. Md. 2021). The Court grants the motion, as set forth more fully herein.

**I.    BACKGROUND**

The history of this case has been detailed at length in a prior memorandum opinion, (ECF No. 148), so the undersigned only briefly sets forth a few facts relevant to the fee petition. In April 2020, Plaintiffs first sought information from the Defendant about any privileges it sought to assert, including documents related to Dr. Peter Willett. (ECF No. 97, pp. 19-21). In June 2020, Plaintiffs continued to seek information about any privileges the Defendant would invoke, and at the case management conference conducted by the district court, Plaintiffs again sought clarity on whether the Defendant was asserting privilege over any documents. (ECF No. 36). The district

court ordered the Defendant to identify the information for which it asserted privilege, and the Defendant provided a timeline for providing the same. (ECF No. 36).

Subsequently, the Defendant provided a privilege log and asserted the quality assurance privilege over several documents, including certain email involving Dr. Willett. (ECF No. 97, pp. 21-24). In response, the Plaintiffs filed a motion to compel discovery, seeking an order requiring the government to produce email from Dr. Peter Willett and make him available for another deposition regarding said email. (ECF No. 39).

On August 25, 2020, before a discovery hearing related to the motion to compel, the government submitted *ex parte* to the Court a letter and an April 14, 2020 email from Dr. Willett to counsel for the Defendant. During that August 25, 2020 hearing, one of the many topics addressed was Dr. Willett's prior testimony and whether the government should be compelled to produce his email. (ECF No. 61). On September 2, 2020, the parties submitted a Joint Status Report (JSR), in which they chronicled their efforts to resolve the issues related to Dr. Willett's email and prior testimony and whether he needed to be deposed in the future. (ECF No. 52). Appended to that JSR was only the August 25, 2020 letter sent *ex parte* to the Court and not the April 2020 email related to Dr. Willett. (ECF Nos. 52-1; 52-2, p.6). Subsequently, during the hearings conducted before this Court on September 17, October 15, and December 10, 2020, Dr. Willett's testimony and his email were again addressed. (*see* ECF Nos. 83, 92, 97).

On December 10, 2020, the undersigned conducted a hearing on privilege-related matters. After hearing from the parties, the Court held that Defendant concealed the existence of the April 2020 email from Plaintiffs-- never asserting privilege over it in any fashion-- yet continued to rely upon it as one of the bases for not having to disclose Dr. Willet's other email. This Court found that this conduct violated Judge Chuang's June 2020-case management conference order, and Fed.

R. Civ. P. 26(b)(5). (ECF No. 97, pp. 28-32). Accordingly, the undersigned issued an order compelling the government to produce the April 2020 email to Plaintiffs. The undersigned further permitted Plaintiffs to file a renewed motion to compel after review of said email. (ECF No. 97). The Court further found that an appropriate sanction for the government's conduct was the payment of Plaintiffs' attorney's fees and costs incurred in connection with the *preparation* of the renewed motion to compel. (ECF Nos. 97, 125)(emphasis supplied).

On December 23, 2020, Plaintiffs filed a renewed motion to compel, which the undersigned later denied. (ECF Nos. 99, 125). Plaintiffs appealed the denial decision to the district court. (ECF No. 128). In its response to the Plaintiffs' appeal, the Defendant again raised the issue of the propriety of the undersigned's order imposing attorney's fees as a sanction for its failure to provide the April 2020 email to Plaintiffs. (ECF No. 130). Thereafter, after consideration of the pleadings and materials submitted by the parties, the district court affirmed all of the rulings made by the undersigned. (ECF No. 148).

Plaintiffs have submitted a petition for attorney's fees and costs incurred in connection from filing the renewed motion to compel. (ECF No. 131)("the Petition"). The Petition seeks attorney fees as follows: 3.5 hours of attorney time at the rate of $475.00/hour to prepare the renewed motion to compel ($1,662.50). In addition, the Petition seeks reimbursement for 8.1 hours of attorney time at the rate of $475.00/hour for: (a) "hearing preparation" (3 hours); participation in the September 17, October 15, and December 10 discovery dispute hearings (4.1 hours); and (c) preparation of the September 2, 2020 Joint Status Report. (Petition, pp. 2, 4). The fees sought for the 8.1 hours of attorney time equal $3,847.50. (*Id.*). Plaintiffs attached exhibits to the Petition, namely: (a) an email and invoice-related documents for the September 2020 and December 2020

hearing transcripts prepared by the court reporters (costs totaling $242.25); and (b) an affidavit from the billing attorneys. (ECF Nos. 131-1, 131-2).

Defendant filed an opposition, again arguing that the award of attorney's fees and costs was improper. (ECF No. 134, pp.1-4). Alternatively, assuming that the award was proper, Plaintiffs fail to provide sufficient evidentiary support for the hours billed, and the hourly rate sought is excessive. (*Id.*).

## II. ANALYSIS

### A. Attorney's Fees

The undersigned determined that sanctions were appropriate for the Defendant's conduct, which violated Judge Chuang's order, misled the Plaintiffs, and necessitated the filing of a renewed motion to compel by the Plaintiffs. (ECF No. 97, pp. 21-31). The district court has already affirmed the propriety of this court's rulings. (ECF No. 148). Accordingly, the only issue before the court is whether the attorney's fees and costs sought in the Petition are reasonable.

In order to determine a reasonable fee, a lodestar analysis is appropriate. *See Randolph v. Powercomm Constr., Inc.*, 715 F. App'x 227, 230 (4th Cir. 2017). The undersigned examined the reasonableness of the hours expended and the hourly rate sought. Then, the court multiplied the reasonable hourly rate by the number of reasonable hours expended. *Id.*

To determine reasonable hours and rates, the Fourth Circuit has held that a court's discretion should be guided by the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the *Johnson* factors), which was initially adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). Later the Fourth Circuit further tweaked the *Johnson* factors in *McAfee v. Boczar*. The *Johnson* factors are:

(1) the time and labor expended;

(2) the novelty and difficulty of the questions raised;

(3) the skill required to perform the legal services rendered;

(4) the attorney's opportunity costs in pressing the instant litigation;

(5) the customary fee for like work;

(6) the attorney's expectations at the outset of the litigation (whether the fee is fixed or contingent);

(7) the time limitations imposed by the client or the circumstances;

(8) the amount in controversy and the results obtained;

(9) the experience, reputation, and ability of the attorney(s);

(10) the "undesirability" of the case within the legal community in which the suit arises;

(11) the nature and length of the professional relationship between the attorney and the client; and

(12) attorneys' fees awards in similar cases.

738 F.3d at 88 n.5; *see also Thompson v. HUD*, Civ. No. MJG 95-309, 2002 WL 31777631, at *6 n.19 (D. Md. Nov. 21, 2002).

Plaintiff bears the burden of establishing the reasonableness of the hours for which reimbursement is sought. *Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*, Civ. No. DKC 06-3177, 2012 WL 4324881, at *6 (D. Md. Sept. 18, 2012). As a preliminary matter, in our district, Appendix B to the court's Local Rules sets forth the rules and guidelines for attorney's seeking fee awards. *See* United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases ("*the Guidelines*" or "Loc. R., App.

B.", ¶¶1a-1b, 2-4). To aid a court in determining the reasonableness of the hours billed, the Guidelines require the Plaintiff to submit itemized time records broken down by attorney or other timekeeper, and by litigation phases. *See* Loc. R., App. B. ¶¶ 1a-1b.

Here, Plaintiffs did not provide itemized records broken down by attorney and by litigation phase. However, the court finds that counsel effectively complied with the Guidelines, providing: a summary of hours billed, general descriptions of the categories of work performed by an attorney, and an affidavit of all counsel. (Petition, pp. 2, 4). I find that some of the reimbursement categories are not complex or difficult to understand (drafting a fee petition, participating at a hearing); thus, the court does not require more particular detail to understand the nature of the work performed. In addition, for some of the reimbursement categories, consistent with Loc. R., App. B. ¶ 2c, Plaintiffs seek reimbursement only for the work performed by one attorney. For the most part, then, Plaintiffs have met their burden of demonstrating that they can seek attorney's fees for some of the hours expended. *See generally Fair Hous. Council of Greater Wash. v. Landow*, 999 F.2d 92, 97-98 (4th Cir. 1993).

  1. <u>Lodestar Analysis: Hours and Rates</u>

At least one other court in this district has found inapplicable some of the *Johnson* factors when attorney's fees are being awarded due to a discovery dispute. *See Beyond Sys., Inc. v. World Avenue USA, LLC,* 2011 WL 2038545 at * 1 (D. Md. May 24, 2011). Here, the court found *Johnson* factors 1, 3, 5, and 9 to be relevant to determining reasonableness.

Analyzing *Johnson* factors 1 and 3, and reviewing the renewed motion to compel filed by Plaintiffs, I first find that the 3.5 hours spent drafting the pleading is reasonable. I have reviewed the renewed motion to compel, and Plaintiffs provided sufficient information from which this court can infer Plaintiffs have met their burden as to the reasonableness of these hours. (Petition, pp. 1-

2; ECF No. 131-2).  Second, regarding the 1.5 hours of one attorney's time sought for the December 10, 2020 hearing, the court finds that this request is reasonably related to the preparation of the renewed motion to compel.  Indeed, the responses of Plaintiffs' attorneys to the court's questioning at the December hearing formed part of the factual predicate required to find a violation of Fed. R. Civ. P. 26(b)(5), which is what necessitated the filing of a renewed motion to compel.  (ECF No. 97, pp. 1-21).

However, the court does not find that the hours spent drafting the JSR, preparing for and participating in the September 2020 and October 2020 hearings, and preparing for the December 2020, were incurred in connection with the *preparation of the renewed motion to compel that was later filed* (emphasis supplied).  Plaintiffs did not become aware of the need to file a renewed motion to compel until the December 2020 hearing.  The court's order was meant to compensate Plaintiffs for prospective efforts.  Accordingly, Plaintiffs are not entitled to recover attorney's fees for time accrued before the December 2020 hearing.

In sum, the 3.5 hours claimed for the fee petition and 1.5 hours claimed for the December 2020 hearing are reasonable and related to the court's order imposing sanctions.  The remaining hours claimed are not consistent with the court's order, and are, therefore, excessive.

Continuing the lodestar analysis, this court must determine the reasonable hourly rate.  To do so, the Court analyzes *Johnson* factors 5 and 9.  In this District, the Guidelines, although not binding, presumptively set forth ranges of reasonable hourly rates for the market, based on, e.g., years of experience.  *See Gonzales*, 2011 WL 3886979, at *2.  Consistent with Loc. R., App. B. ¶¶ 2d, 3, counsel provided the hourly billing rates of the two senior attorneys, yet seeks reimbursement for the services performed by only one of them.  (Petition, pp. 2, 4).

The court finds that Mr. Wells has more than twenty years' experience as a highly skilled and qualified litigator whose arguments were essential to the court's understanding of the privilege issues. Accordingly, the Court finds that a reasonable hourly rate is $475.00/hour.

In sum, multiplying $475.00/hour times 5 hours equals **$2,375.**

### B. Costs

Plaintiffs request $242.25 in costs associated with the transcripts of hearings upon which they relied in submitting their renewed motion to compel. (Petition, p. 2; ECF No. 131-1). Costs that may be taxed against the Defendant include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel,* 852 F.2d 762, 771 (4th Cir. 1988) (citing *Northcross v. Bd. of Educ. of Memphis City Schools,* 611 F.2d 624, 639 (6th Cir.1979)). The following are examples of the categories of costs that have been charged: "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.,* Civ. No. JKS 06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (citing *Vaughns v. Bd. of Educ. of Prince George's County,* 598 F. Supp. 1262, 1289–90 (D. Md. 1984)).

Here, the court finds that reimbursement for transcript costs were reasonable and necessary, as the transcripts were part of the renewed motion to compel. (ECF Nos. 99-1, 99-2).

### III. CONCLUSION

In sum, Plaintiffs' Petition, ECF No. 131, is **GRANTED**, as set forth herein. Plaintiffs will be awarded **$2,375** in attorneys' fees, and **$242.25** in costs. A separate Order follows.

Dated: March 11, 2022                                        /s/
                                                                 The Honorable Gina L. Simms
                                                                 United States Magistrate Judge